UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SANDRA DAWN LEQUIEU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES POST OFFICE – BONNERS FERRY, TERESA SKEEN, and MIKE FELLER,<br><br>　　　　Defendants. | Case No. 2:16-cv-00137-DCN<br><br>MEMORANDUM DECISION AND ORDER |

　　　　The Court has before it pro se Plaintiff Sandra Lequieu's complaint and *in forma pauperis* request, which the Clerk of Court conditionally filed. Pursuant to *28 U.S.C. § 1915*, this Court must review Lequieu's *in forma pauperis* complaint to determine whether it may be summarily dismissed.

**I.** ***In Forma Pauperis*** **Request**

**A. Standard**

　　　　Pursuant to federal statute, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, ... without prepayment of fees or security therefor." *28 U.S.C. § 1915(a)(1)*.

　　　　In order to qualify for *in forma pauperis* ("IFP") status, Plaintiff must submit an affidavit that includes a statement of all assets she possesses and that she is unable to pay the fee required.

The affidavit is sufficient if it states that the plaintiff, because of her poverty, cannot "pay or give security for the costs" and still be able to provide for herself and dependants "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation omitted).

**B. Discussion**

Plaintiff has stated under penalty of perjury that she "cannot prepay the filing fee in [her] case" as required by *28 U.S.C. § 1915(a)(1). See* Application, p. 5 (Dkt. 1). Plaintiff's application indicates that her only monthly income is from disability, that she has no money in the bank, some minor debt obligations, and little to no assets. (*Id.* at 2-4). The Court finds that Plaintiff qualifies for IFP status.

**II. Review of Complaint**

**A. Standard**

Once a complaint has been conditionally filed pursuant to *28 U.S.C. § 1915*, the Court may conduct an initial review of the complaint. *See 28 U.S.C. § 1915(e)(2).* The Court must dismiss a complaint or any portion of it if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See 28 U.S.C. § 1915(e)(2)(B)(i-iii).*

Because Lequieu is proceeding pro se, the complaint must be liberally construed, and Lequieu must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if the complaint can be saved by amendment, Lequieu

should be notified of the deficiencies and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

**B. Factual Allegations**

This single cause of action lawsuit consists of a personal injury tort claim against a United States Government entity – the Bonners Ferry Post Office – and certain individuals employed there.

Plaintiff claims that while walking towards the Post Office in Bonner's Ferry, Idaho, on or about January 11, 2013, she slipped and fell on black ice (Dkt. 2-1, pg.1). This ice, Plaintiff asserts, was caused by broken or leaking pipes on the property which were not properly maintained (*Id)*. As a result of this accident, Plaintiff sustained multiple injuries (Dkt. 2-1, pg.9).

**C. Discussion**

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 474, 114 S. Ct. 996, 127 L.Ed.2d 308 (1994). Courts strictly construe waivers of sovereign immunity and resolve all ambiguities in favor of the sovereign. *Lane v. Pena*, 518 U.S. 187, 192, 116 S. Ct. 2092, 135 L.Ed.2d 486 (1996). Simply put, unless some sort of waiver exists, the Federal Government cannot be sued by an individual.

The Federal Tort Claims Act ("FTCA") represents one of these waivers. By statute, federal jurisdiction is established over civil suits for money damages against the United States:

> for injury or loss property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or commission occurred. *28 U.S.C. § 1346(b).*

Under the Federal Tort Claims Act the United States is subject to liability only for conduct of its employees which would result in the imposition of liability upon private persons under similar circumstances according to the law of the state where the conduct occurred. *Richards v. United States,* 369 U.S. 1, 82 S. Ct. 585, 7 L.Ed.2d 492 (1962); *Epling v. United States,* 453 F.2d 327, 329 (9th Cir. 1971). Under the law of Idaho, which controls this action, the United States may not be found negligent unless it owed an actionable tort duty to plaintiff. *Kirk v. United States,* 161 F. Supp. 722 (D. Idaho 1958), aff'd, 270 F.2d 110 (9th Cir. 1959).

Here Plaintiff claims that the premises was not properly maintained and that as a result of the Post Office's negligence she was injured. If this were determined to be true, the Federal Government could be held liable.

Reviewing the complaint, and liberally construing all facts in Lequieu's favor, is does appears that the claim (1) is not frivolous or malicious; (2) has stated a claim upon which relief could be granted; and (3) while the claims does seek monetary relief from a

defendant who is *usually* immune from such relief, the Federal Tort Claims Act may constitute a limited waiver of the governments sovereign immunity.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 1) is **GRANTED**.

2. After an initial review of the complaint, the Court will allow Plaintiff to proceed with her tort claim against defendant.

3. Plaintiff may proceed with service of the Summons of her Complaint in accordance with applicable procedures.[1]

DATED: August 25, 2017

David C. Nye
U.S. States District Court Judge

---

[1] Plaintiff is advised that she is subject to the same rules of procedure as parties represented by counsel. See Merrill, 746 F.2d 458, 465 (9th Cir. 1984). Plaintiff may obtain additional information about how to proceed as a self-represented party, as well as copies of the Federal Rules of Civil Procedure and the District of Idaho Local Civil Rules, at the Court's website: http://www.id.uscourts.gov/district. With regard to service of process, Plaintiff should refer to Section V.C.2 (page 7) of the Court's Pro Se Self Help Instructions for additional information at: http://www.id.uscourts.gov/district/pro_se/Self_Representation.cfm.