UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SANDRA DAWN LEQUIEU,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>UNITED STATES POST OFFICE –<br>BONNERS FERRY, TERESA SKEEN,<br>and MIKE FELLER,<br><br>　　　　Defendants. | Case No. 2:16-cv-00137-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

On October 3, 2017, the Court issued a Memorandum Decision and Order (Dkt. 9) dismissing this case for failure to state a claim. The basis for such dismissal was the fact that it appeared Plaintiff, Sandra Lequieu had not timely filed her Notice of Tort Claim with the United States Postal Service (USPS) under the Federal Tort Claims Act (FTCA).

In response to the Court's Order, Lequieu telephoned the Clerk's Office and expressed her desire to file a response addressing the statute of limitations issue. Because the Court dismissed Lequieu's Complaint without prejudice, it is appropriate for her to respond.

On October 18, 2017, Lequieu filed a Motion for Reconsideration with the Court. Attached to her Motion are two exhibits. The first is a letter from the USPS acknowledging receipt of Lequieu's complaint and intent to pursue an administrative

claim under the FTCA. Dkt. 10, at 2. The second is the final denial of Lequieu's Claim. Dkt. 10, at 3.

Lequieu also asks the Court to reconsider her Motion for Appointment of Counsel, which the Court summarily dismissed in its prior order. Dkt. 9.

## DISCUSSION

As a threshold matter, the Court notes that a motion under Rule 59 or 60 only applies to final, appealable "judgments."[1] *See United States v. Martin,* 226 F.3d 1042, 1048 (9th Cir. 2000). Here, the Court's Order (Dkt. 9) was final in that it dismissed the case; therefore, a Motion under Rule 59 or 60 is appropriate.

As explained in the Court's prior decisions (Dkts. 7, 9), the FTCA governs all suits against the United States government, its subsidies, and employees. The FTCA provides that a tort claim against the United States "shall be forever barred" unless the claimant meets two deadlines. First, the plaintiff must present a claim to the appropriate federal agency for administrative review "within two years after [the] claim accrues." 28 U.S.C. § 2401(b). Second, if the agency denies the claim, the claimant must file suit in federal court "within six months" of the agency's denial. *Id.*

---

[1] *See* Federal Rules of Civil Procedure 59 and 60.

Lequieu's accident occurred on January 11, 2013. The FTCA, therefore, required that she file her Notice of Tort Claim no later than January 11, 2015. On January 9, 2015, the USPS sent Lequieu a letter acknowledging her claim pursuant to the FTCA.[2]

Under 28 U.S.C. § 2401(b), the USPS was required to issue a final decision within six months, or by July 9, 2015. Had the USPS fulfilled this requirement, Lequieu would then have been required to file suit within six months of that denial. If the USPS failed to issue a final denial within six months of receiving the timely Notice of Tort Claim, Lequieu would have needed to file her suit within six months after the original six month deadline had passed, or one year from the original filing of her claim—January 9, 2016.

In this case, the USPS did not issue a final decision by July 9, 2015. This started the clock running. Lequieu needed to file suit by January 9, 2016. During this timeframe, however, the USPS did issue a final dismissal. Dkt 10, at 3-4. On October 26, 2015, the USPS issued a decision, stating: "if dissatisfied with the Postal Service's final denial of administrative claim, a claimant may file suit in a United States District Court." *Id.* "[A]ny suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above." *Id.* In this manner, the USPS waived the three months that had already passed. Whether Lequieu would have

---

[2] The Court does not have in the record a copy of what Lequieu sent to the Post Office. This was part of the original confusion. The only FTCA claim in the record is part of Lequieu's Complaint (Dkt. 2, at 1-2), which the Court assumes was solely for reference, and is dated the day the suit was filed—far past the appropriate deadlines. Regardless, the USPS responded, so whatever it received it deemed appropriate.

met the January 9, 2016, deadline is irrelevant as the USPS essentially reset the deadline to April 26, 2016, with its letter. Lequieu filed suit on April 1, 2016. Her claim is therefore timely. Accordingly, the Court will reopen this case.

The Court next turns to Lequieu's renewed request for appointment of counsel. Generally, a person has no right to counsel in civil actions. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, a court may, under "exceptional circumstances," appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Id.* When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* Neither of these considerations is dispositive and instead must be viewed together. *Id*

In this case, there does appear to be a likelihood of success on the merits as articulated by Lequieu. Additionally, the Court finds exceptional circumstances exists which would warrant the appointment of Counsel. Here, Lequieu has suffered head injuries (from this alleged incident) which resulted in memory loss, headaches, and some diminished cognitive abilities. The Court will *request* Counsel for Lequieu in this action.

The Court uses the word request because while Lequieu and the Court have used the word "appoint" when discussing whether legal representation is appropriate, the Court cannot actually appoint, or require, an attorney to represent an individual in a civil action. Under the rules governing pro se litigants, the Court can only "request" that an attorney represent an indigent client. *See* 28 U.S.C. § 1915(e)(1). Thus, even in granting Lequieu's Motion, there is no guarantee that anyone would be willing to serve as counsel

MEMORANDUM DECISION AND ORDER - 4

in this case. Availability, expertise, and other constraints bear upon attorneys when deciding whether or not to take on pro se cases.

## ORDER

**IT IS ORDERED:**

1. Lequieu's Motion for Reconsideration (Dkt. 10) is **GRANTED**.

2. Lequieu has shown that she did in fact meet the statutory requirements under the FTCA; therefore, **THIS CASE IS RE-OPENED**.

3. Lequieu's Motion for Appointment of Counsel (Dkt. 8), which the Court previously denied, is hereby **GRANTED**. The Court will request an attorney for Lequieu in these matters.

4. If Lequieu has not already done so, she may proceed with service of the Summons of her Complaint in accordance with applicable procedures.[3]

DATED: October 23, 2017

David C. Nye
U.S. District Court Judge

---

[3] Plaintiff is advised that she is subject to the same rules of procedure as parties represented by counsel. *See United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984). Plaintiff may obtain additional information about how to proceed as a self-represented party, as well as copies of the Federal Rules of Civil Procedure and the District of Idaho Local Civil Rules, at the Court's website: http://www.id.uscourts.gov/district. With regard to service of process, Plaintiff should refer to Section V.C.2 (page 7) of the Court's Pro Se Self Help Instructions for additional information at: http://www.id.uscourts.gov/district/pro_se/Self_Representation.cfm.