UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SANDRA DAWN LEQUIEU, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES POST OFFICE – BONNERS FERRY, TERESA SKEEN, and MIKE FELLER, <br><br> Defendants. | Case No. 2:16-cv-00137-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendants' Motion to Dismiss for Lack of Jurisdiction. Dkt. 15. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court finds good cause to GRANT the Motion.

## II. BACKGROUND

Plaintiff Sandra Lequieu alleges that, on January 11, 2013, she slipped and fell on a sidewalk outside the United States Postal Service's Office in Bonners Ferry, Idaho. Lequieu alleges that the sidewalk was improperly maintained.

On January 9, 2015, the Postal Service received notice of Lequieu's administrative tort claim. On October 26, 2015, the Postal Service formally denied Lequieu's tort claim. In its denial letter, the Postal Service told Lequieu that:

> . . . if dissatisfied with the Postal Service's final denial of an administrative claim, *a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service mails the notice of that final action*. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note *the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Claims Act and such suit may be heard only by a federal district court*.

Dkt. 10, at 3. (emphasis added).

On April 1, 2016—within the required six-month period—Plaintiff filed the above-captioned action. However, rather than naming the United States as required, Lequieu named the United States Post Office – Bonners Ferry, and two employees, as Defendants in her FTCA action.

On August 25, 2017, the Court granted Lequieu's motion to proceed *in forma pauperis*. In its Memorandum Decision and Order, the Court directed Lequieu to proceed with serving her summons and complaint and referenced the District's general instructions to pro se litigants—should Lequieu have any questions.

On October 3, 2017, the Court dismissed the action *sua sponte* for failure to comply with the Federal Tort Claims Act (FTCA). Upon Lequieu's motion to reconsider—and with supplemental documentation showing she had complied with the FTCA—the Court re-opened the case on October 23, 2017. In that Order, the Court included the same admonition regarding service.

MEMORANDUM DECISION AND ORDER - 2

On February 8, 2018, the clerk of the Court issued summons for the three named Defendants. On February 20, 2018, Lequieu personally served each of the Defendants at the Bonner's Country Post Office.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction. A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, the plaintiff bears the burden of proof on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. Fed. R. Civ. P. 12(h)(3).

### IV. DISCUSSION

In this case, the United States claims that Lequieu did not timely serve it as required, and accordingly, this Court lacks jurisdiction and must dismiss the case in its entirety. As will be discussed below, these procedural requirements are extremely confusing—particularly for non-lawyers—however, even if the Court were to excuse Lequieu's improper service, there is, unfortunately, no procedure available at this point to remedy Lequieu's failure to serve the United States.

As a threshold matter, however, Defendants assert that Lequieu missed the deadline outright.

Under Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff must serve each defendant within 90 days after the complaint is filed. Lequieu did not serve defendants within 90 days of the filing of her Complaint. That being said, in its order granting Lequieu's Motion to proceed in forma pauperis (Dkt. 7) and its order re-opening the case (Dkt. 11), the Court pointed Lequieu to the District of Idaho's pro se self-help instruction manual. In that manual, pro se plaintiffs are instructed that they must serve defendants within *120 days* of entry of the order allowing them to proceed in forma pauperis.

This error—listing 120 days rather than 90 days—is due to the fact that Rule 4(m) of the Federal Rules of Civil Procedure was amended in 2015. That amendment shortened the required time of service from 120 to 90 days. Unfortunately, the Court failed to update its self-help document accordingly. The Court will not penalize Lequieu for relying on its instructions that erroneously allowed for an expanded service window.

Next, the Court must determine when the 120-day timeframe began to run. In pro se in forma pauperis cases, the timeline does not begin until the Court approves of the plaintiff's petition, not the date of first filing. Here, while Lequieu filed this case on April 1, 2016, the Court did not grant her in forma pauperis motion until August 25, 2017. Thus, the timeframe would normally not begin to run until that point. However, the Court *sua sponte* dismissed this case for failure to state a claim on October 3, 2017, but then re-opened the case on October 23, 2017. It appears that Lequieu believed her 120 days began to run from the date her case was re-opened. This is a reasonable belief. Using October 23, 2017, as a starting point, Lequieu was required to effectuate service on or

MEMORANDUM DECISION AND ORDER - 4

before February 21, 2018. On February 20, 2018, Lequieu served the three named defendants at the Bonners Ferry Post Office. Dkt. 13.

Construing all inferences in Lequieu's favor, taking into account the timeframe (albeit erroneous) that she understandably relied on, as well as the Court's dismissal and subsequent re-opening of the case, the Court finds that Lequieu *timely* served the Complaint and summons.

That being said, Lequieu failed to serve the correct parties, and unfortunately, there is no amendment that can rectify this deficiency.

It is well settled that "the FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States." *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998). While an FTCA claim can assuredly arise from the acts or omissions of United States' agencies or its employees[1]—as alleged in this case—a federal agency and its employees are not subject to suit under the FTCA. *See* 28 U.S.C. §§ 2679(a)-(b)(1); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984). In an FTCA case "the United States is the only proper defendant." *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995).

Here, Lequieu filed suit against the Post Office and two postal employees. As noted, while this agency and the conduct of these individuals may be the impetus for the lawsuit, their actions in their official capacities are all imputed to the United States.

---

[1] 28 U.S.C. § 2671.

Because Lequieu failed to serve the correct party, her suit is subject to dismissal. *See Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) ("Because the United States is the only proper party defendant in an FTCA action, the district court correctly dismissed [Plaintiff's] complaint as improperly filed against the Postal Service. . . ."); *see also Matthews v. McDonald*, No. 14CV1340-MMA (BLM), 2016 WL 29622, *12 (S.D. Cal. Jan. 4, 2016) ("Plaintiff's tort claims are subject to dismissal for failure to name the United States as the proper defendant as required by the FTCA.").

The Court next turns to the question of whether any legal principle can save Lequieu's claim or excuse her failure to correctly serve the United States.

Under Rule 4(m) the court can extend the time for service "if the plaintiff shows good cause for the failure" to comply. One of the most common "good cause" reasons is that an applicable statute of limitations would bar a refiled action. Such would be the case here. Were the Court to dismiss this case outright, Lequieu would not be able to refile as the statute of limitations on her FTCA claim has already run. Additionally, the Committee Notes to Rule 4(m) note that "a specific instance of good cause [would be] to correct oversights in compliance with the requirements of multiple service in actions against the United States or its officers, agencies, and corporations." Fed. R. Civ. P. 4(m) Advisory Committee Note, 1993 Amendments. Such is definitely the case here. That aside, the real problem is not so much the timing (after all, the Court ruled that Lequieu would be allowed the extended 120 days within which to prove service), but rather, that Lequieu failed to serve the proper defendant—namely, the United States. The Court

must, therefore, look at any principles that might allow for the United States to be substituted for the current defendants.

Regarding serving the United States, Federal Rule of Civil Procedure 4(i)(4) states that the Court must allow a party reasonable time to cure its failure to serve the United States if it properly and timely served an officer or employee sued in their individual capacity. Here, Lequieu arguably did this—she did serve an agency and two employees—however, they were the wrong parties to begin with. This provision "saves the plaintiff from the hazard of losing a substantive right because of failure to comply with the complex requirements of multiple service under this subdivision." Advisory Committee Note, 1993 Amendments. Again, however, this assumes that at least part of the service was correct—i.e. that a plaintiff *correctly* served a defendant individually, but also needed to serve the United States. In this case, as with any FTCA action, Lequieu was only required to serve the United States. In essence, Lequieu never served the correct party in the first place, thus it does not appear that this rule would apply. However, in an effort to give Lequieu every possible benefit of the doubt—and construing all inferences in her favor—the Court will continue its analysis.

The Committee notes regarding Rule 4 admonish the Court that the extension provision "should be read in connection with the provisions of subdivision (c) of Rule 15 to preclude the loss of substantive rights against the United States or its agencies, corporations, or officers resulting from a plaintiff's failure to correctly identify and serve all the persons who should be named or served." Advisory Committee Note, 1993 Amendments. Accordingly, the Court turns to Rule 15.

MEMORANDUM DECISION AND ORDER - 7

Federal Rule of Civil Procedure 15(c) allows a plaintiff to amend a complaint, "after a statute of limitation period has run, to accurately name a defendant who was not correctly named in the pleading before the limitation period had run." *See G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1501 (9th Cir. 1994); *see also* Fed. R. Civ. P. 15(c). However, before an amended complaint that seeks to bring in the United States can relate back to the original complaint, a plaintiff must satisfy the "general" or government notice provisions set forth in Rule 15(c)(1).

Under Rule 15(c)(1)(C)'s general notice provision, an amendment seeking to change a party relates back only if: (1) the amendment asserts a claim that arose out of the conduct, transaction, or occurrence set out in the original pleading; and (2) within the time period provided by Rule 4(m), *the party to be added by amendment* received notice of the action *and* knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed R. Civ. P. 15(c)(1)(C)(i)-(ii). *Miles v. Dep't of Army*, 881 F.2d 777, 781 (9th Cir. 1989).

There is no question that an amended pleading that only substitutes a defendant would arise out of the same conduct as that stated in the original pleading. However, there is still the question of notice.

Rule 15(c)(2) outlines that "the notice requirements of Rule 15(c)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States

attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency."[2]

On the present record, there is no indication that Lequieu served the U.S. Attorney or the Attorney General as required. This failure is fatal to her claims. *See Miles*, 881 F.2d at 782 ("A plaintiff may substitute the United States as a defendant after the expiration of the statute of limitations *only* if both the U.S. Attorney and the Attorney General have received notice prior to the running of the statutory period.") (emphasis added). It appears that neither of the required parties received timely notice of this suit and knew, or should have known,[3] that an action was being brought against it.

Lequieu states that she tried to contact various departments and individuals to ascertain exactly who to serve and how, and that ultimately, she believed she was serving the United States by serving the Post Office. Unfortunately, this belief was not accurate.

---

[2] There may be some confusion in regard to the final sentence ("or to the officer or agency") as Lequieu did served the agency (the post office) and the officers (the employees) here. Some context is helpful. This provision begins with the phrases "When the United States or a United States officer or agency is added as a defendant by amendment" and then explains how the notice requirements are met. Thus, if the substitution is for the United States, it is the U.S. Attorney and the Attorney General who must be notified, and if the proposed substitution is an officer or employee, then that officer or employee must have been on notice. Here, where Lequieu's amendment would be to add the United States, the former provisions apply. This final sentence is non-applicable.

[3] It is extremely unlikely that either the U.S. Attorney's Office or the Attorney General had any knowledge (constructive or otherwise) of this suit as required *before* the expiration of Lequieu's statutory service period because Lequieu served the defendants on day 119 of her 120-day allotment.

(Continued)

The Court is not unsympathetic to Lequieu's plight. As a non-attorney, it is difficult to understand the various rules and requirements in a lawsuit. This observation aside, the Court did admonish Lequieu on at least two occasions that she was subject to the same rules of procedure as parties represented by counsel. *See United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984).

Furthermore, the Court has done everything in its power—essentially waiving (in Lequieu's favor) numerous legal requirements[4]—in an effort to be equitable and "save the plaintiff from the hazard of losing a substantive right because of failure to comply with the complex requirements of multiple service" under the rules. All of that aside, the Court cannot circumvent Rule 15(c)'s notice requirement which has gone wholly unaddressed by Lequieu. Ultimately, the Ninth Circuit "adheres to a literal interpretation of rule 15(c)'s notice requirement," *Cooper v. U.S. Postal Serv.*, 740 F.2d 714, 716 (9th Cir. 1984), and the Court is bound by the rules.

///
///
///
///
///

---

[4] For example, the Court allowed the outermost date range for service (which Lequieu meet with only 1 day to spare), accepted Lequieu's proof of service (which fails to comply with local and federal rules), and has not even addressed Lequieu's failure to abide by Federal Rule of Civil Procedure 4(i) which requires the mailing of the summons and complaint *by registered or certified mail*.

# V. ORDER

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss (Dkt. 15) is GRANTED.

2. The Court will enter a separate Judgment in accordance with Fed. R. Civ. P. 58.

DATED: November 20, 2018

_____
David C. Nye
U.S. District Court Judge